IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.  4:CR-04-234(1) |
| Plaintiff | : | |
| v. | : | Judge Jones |
| | : | |
| JAMES SANDERS, and | : | |
| CHARLES THOMPSON | : | |
| Defendants | : | |
| | : | |
| | : | |

**MEMORANDUM AND ORDER**

**May 24, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is Defendant James Sanders' ("Sanders") Motion for a Severance (Rec. Doc. 76).  Previously, we granted co-Defendant Charles Thompson's ("Thompson") Motion to Join in [Sanders'] Motion for Severance. (See Rec. Doc. 101).  Oral argument was held on May 23, 2005, at which time we heard argument from counsel for Defendants Sanders and Thompson, as well as from counsel for the United States.  For the following reasons, Sanders' Motion will be denied without prejudice.

**DISCUSSION**

Federal Rule of Criminal Procedure 8(b) provides:

The indictment or information may charge 2 or more defendants if

1

>they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.[1]

Sanders argues that Count II of the indictment against him, alleging a violation of 21 U.S.C. § 841(a)(1) that occurred on or about August 23, 2001, should be severed from the remaining counts of the indictment because it involves criminal activity wholly unrelated to that alleged in the remaining counts.

Determination of whether joinder is appropriate is in the discretion of the district court. See United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). At this juncture, Defendants Sanders and Thompson have speculated as to potential prejudice, but they have not submitted any evidence to the Court sufficient to make a showing that they would in fact be prejudiced if Count II was not severed from the indictment. It is of course possible that future discovery as provided to the Defendants from the United States may provide evidence which could form the basis of an appropriate motion for severance. As indicated by us during yesterday's proceeding, we will in that event consider any renewed motions as may be filed by either or both Defendants.

---

[1] When there is an indictment with multiple defendants, we apply Fed.R.Crim.P. 8(b) as opposed to Fed.R.Crim.P 8(a). See United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003).

**NOW, THEREFORE, IT IS ORDERED THAT**

1. Defendant James Sanders' Motion for Severance of Count Two of the Indictment (Rec. Doc. 76), as joined by Defendant Charles Thompson (Rec. Doc. 101) is DENIED without prejudice.

2. Defendants James Sanders and Charles Thompson are provided with specific leave of Court to file a motion to sever which either or both may wish to assert at any time prior to jury selection in this case.

s/ John E. Jones III
John E. Jones III
United States District Judge
